Susan LEHMAN, individually and on behalf of all others similarly situated, Plaintiffs,

v.

USAIR GROUP, INC. and USAIR, Inc., Defendants.

Rita Sager and Gerald SAGER, individually and on behalf of all others similarly situated, Plaintiffs,

v.

CONTINENTAL AIRLINES, INC., Defendant.

Nos. 96 Civ. 1200 (JGK), 96 Civ. 1808 (JGK).

United States District Court, S.D. New York.

July 11, 1996.

G. Oliver Koppell, Dan Draschler, Oren S. Giskan, Zwerling, Schacter, Zwerling & Koppell, L.L.P., New York City, C. Oliver Burt, III, Leo W. Desmond, Burt & Pucillo, West Palm Beach, FL, for Plaintiffs.

Deborah E. Lans, Donald H. Chase, Morrison, Cohen, Singer, and Weinstein, L.L.P., New York City, Robert C. Walters, Russell Yager, Vinson and Elkins, L.L.P., Dallas, TX, for Defendant, Continental Airlines.

Jonathan J. Lerner, Ira Brad Matetsky, Skadden, Arps, Slate, Meagher & Flom, New York City, for Defendants, USAIR Group, Inc., and USAIR, Inc.

## OPINION AND ORDER

KOELTL, District Judge.

These two suits are brought on behalf of the individual plaintiffs—Susan Lehman, Rita Sager, and Gerald Sager—who seek to represent a class of those similarly situated. Plaintiffs seek to recover the amount of the federal excise tax that was allegedly improperly charged on their tickets procured from the defendants in the 1995 calendar year for travel in the 1996 calendar year. Defendants, USAIR Group, Inc., and USAIR, Inc. ("USAIR") have moved to dismiss the class action complaint pursuant to Fed.R.Civ.P. 12(b)(6). Defendant, Continental Airlines,

Inc. ("Continental"), having already answered, has moved for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Because the plaintiffs' claims in the two cases present similar issues, this Court is deciding the two motions in one consolidated opinion.

I.

Plaintiffs were among those who bought tickets in the 1995 calendar year for airline travel in the 1996 calendar year. Prior to January 1, 1996, a ten per cent excise tax was assessed on the price charged for airline transportation, and the airline was required to collect the tax from each individual passenger.

Defendants were required to collect the tax for all taxable transportation which occurred prior to January 1, 1996. Defendants, in anticipation of a renewal of the excise tax past its expiration date of December 31, 1995, collected the tax for airline tickets sold during 1995 for travel in 1996. Once the statute authorizing the tax expired on December 31, 1995, the defendants ceased to include the excise tax in the amount they charged for airline tickets. Plaintiffs argue that the ten per cent amount of each ticket price collected by the defendants for travel in 1996 was not a tax, and in the alternative, if the amounts collected were a proper tax, plaintiffs are entitled to a refund from the defendant. Plaintiffs rely on 26 U.S.C. § 6415(c) and claim that they are entitled to sue the airlines who collected the excise tax. Further, plaintiffs contend that the defendants have violated New York State law prohibiting conversion and unjust enrichment. Defendants allege that they could not legally retain the excess monies under 26 U.S.C. § 4261 and thus all funds were properly remitted to the United States Government. Defendants argue that these suits must be dismissed because the only legal remedy that the plaintiffs may pursue is a suit against the Government in accordance with 26 U.S.C. § 7422(f), and that the state law claims are pre-empted pursuant to both 49 U.S.C. § 41713(b)(1) (1995) (formerly the Airline Deregulation Act of 1978, 49 U.S.C. § 1305(a)(1)) and 26 U.S.C. § 7422(f).

II.

On a motion to dismiss, the factual allegations of the complaint are to be accepted as true and all reasonable inferences are construed in the plaintiff's favor. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995); *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). A court should dismiss a complaint under Fed.R.Civ.P. 12(b)(6) only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

When reviewing a Rule 12(c) motion for judgment on the pleadings, this Court "must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994); *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir.1989); *see also National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories*, 850 F.2d 904, 909 n. 2 (2d Cir.1988) (indicating that the Court treats a motion for judgment on the pleadings as if it were a motion to dismiss).

III.

The same relief asserted in this case for a refund of the excise tax collected in 1995 for airline flights in 1996 has been considered and rejected by two other District Courts. *See Sigmon v. Southwest Airlines*, Civil No. 3:96–CV–393–H (N.D.Tx. May 23, 1996) (incorporating the reasons stated on the record—transcript pgs. 28–31—during a hearing held on May 23, 1996 by District Court Judge Barefoot Sanders); *Kaucky v. Southwest Airlines*, No. 96 C 750, 1996 WL 267875, (N.D.Ill. May 17, 1996). In *Sigmon*, Judge Sanders expressly relied on Judge Weinfeld's thorough opinion in *DuPont Glore Forgan Incorporated v. American Telephone and Telegraph Company*, 428 F.Supp. 1297 (S.D.N.Y.1977), *aff'd*, 578 F.2d 1366 (2d Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 465, 58 L.Ed.2d 431 (1978), which rejected a private cause of action under 26 U.S.C. § 6415(c), the same statute relied on by the plaintiffs in this case. This Court agrees with these well reasoned opinions. Therefore, the plaintiffs' claims must be dismissed.

The first issue is whether the plaintiffs are entitled to a return of the amounts collected by the defendants pursuant to 26 U.S.C. § 6415(c).[1] The essence of this claim is that the plaintiffs are entitled to a refund from the tax collectors, the defendants, of the excise tax collected on each of their airline tickets.

A tax refund claim, such as the claim here, is governed by 26 U.S.C. 7422(a) which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary....

Section 7422(f) further states, "A suit or proceeding referred to in subsection (a) may be maintained only against the United States." In *DuPont Glore Forgan Incorporated*, Judge Weinfeld found:

> (T)he language of section 7422 is unambiguous in requiring that a suit for the recovery of "erroneously or illegally" overpaid taxes may be brought only against the United States. Further, there is no indication that a remedy against private collecting agents such as the defendants has ever been considered available. The legislative history of section 7422(f), while not directly on point, does not reveal that Congress contemplated that a tax refund suit might be brought against private collecting agents ... (S)ection 7422(f) means precisely what it says, and that plaintiffs may maintain a tax refund claim only against

1. 26 U.S.C. 6415(c) states:

> In case any person required ... to collect any [transportation or communications excise] tax shall make an overcollection of such tax, such person shall, upon proper application, refund such overcollection to the person entitled thereto.

the government and not against the collecting agents.

428 F.Supp. at 1303.

In the two similar cases where plaintiffs have sought return of the ten per cent excise tax on airline tickets purchased in 1995 for travel in 1996, the courts dismissed the suits against the airlines, finding any action to collect the tax from the airlines as an improper attempt to circumvent § 7422. In *Kaucky,* Judge Zagel found a similar claim in that case to be simply a tax refund suit under 26 U.S.C. § 7422. *Kaucky,* 1996 WL 267875, at *2. In *Sigmon,* Judge Sanders also concluded that a similar claim was a tax refund suit and "therefore governed by the procedures available under [§ 7422] and the regulations thereunder." *Sigmon v. Southwest Airlines,* Civil No. 3:96–CV–393–H (N.D.Tx., May 23, 1996).

In this case, plaintiffs have not complied with § 7422. There is no allegation that a claim for refund or credit of the ten per cent excise tax was filed with the Secretary of the Treasury, as required by the statute. Moreover, the action could only be brought against the United States of America, and not, as here, against the collectors of the tax.

The plaintiffs assert essentially that § 6415(c) is an exception to the requirements of § 7422 and provides a basis for recovery. Judge Weinfeld disposed of a similar claim stating,

> *On its face this section does not create a cause of action for recovery of an overcollection by a taxpayer from a collecting agent.* Plaintiffs argue, however, that this lawsuit itself is a "proper application" and that under section 6415(c) the defendants must refund to plaintiffs any amount overcollected. However, this section is applicable only to transportation and communications excise taxes, although there are other situations in which federal taxes are collected by third parties acting as collecting agents for the government. Plaintiffs have suggested no reason why ... Congress should have singled out those who collect the transportation and communications excise taxes and imposed liability for refunds solely upon them, and not upon other collecting agents ... *[I]t appears that section 6415(c) is intended merely to simplify the procedures for adjustment of minor errors in tax collection, and not to carve out sub silentio an exception to the orderly structure of tax litigation by allowing persons seeking to litigate major and disputed questions of tax law to bypass the normal refund procedure.*

428 F.Supp. at 1304–1305 (emphasis added).

As Judge Weinfeld held, § 6415(c) does not create a private cause of action. Moreover, § 6415(c) at most allows a claim for mathematical and technical errors, not for the general interpretation of a class of claims, such as the claims presented in this case. Section 6415(c) cannot be used as an end run around the explicit provisions of § 7422. Therefore, the plaintiffs' claims pursuant to § 6415(c) must be dismissed.[2]

## IV.

The second issue is whether the plaintiffs' state law claims of conversion and unjust enrichment are preempted by federal law.

First, the plaintiffs' claims are explicitly pre-empted by 49 U.S.C. § 41713(b)(1). Section 41713(b)(1) provides:

> a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route or service of an air carrier....

The conversion and unjust enrichment claims relate to the defendants' ticket prices within the meaning of this section. Both claims expressly refer to the collection of the air transportation excise tax. The excise tax "relates to price" because the ten per cent excise tax directly impacts the ticket price. *See Statland v. American Airlines, Inc.,* 998 F.2d 539, 542 (7th Cir.), *cert denied,* 510 U.S. 1012, 114 S.Ct. 603, 126 L.Ed.2d 568 (1993) (challenged practice of withholding ten per cent of federal tax on canceled tickets relates to rates).

2. The remedy for the plaintiffs in this matter is to file Form 8849 with the Internal Revenue Service in order to obtain a refund of the ten per cent excise tax.

This Court agrees with both Judge Zagel and Judge Sanders who concluded that the similar claims of plaintiffs in the cases before them were pre-empted by federal law based on the analysis in *Statland* regarding relation to price.

Further, this Court also concludes that § 7422(f) explicitly pre-empts the plaintiffs' state law claims. Section 7422 provides that the exclusive remedy for a tax refund is an action against the United States. *See Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir.1992). "A suit or proceeding referred to in subsection (a) may be maintained only against the United States...." 26 U.S.C. § 7422. Plaintiffs' claims may be brought only against the proper party, the United States of America. The state law claims against the airlines are expressly pre-empted by § 7422 which prohibits such suits for disguised refunds of the taxes.

## V. Conclusion

For the reasons stated above, the motion to dismiss by defendants, USAIR, Inc. and USAIR Group, Inc., and the motion for judgment on the pleadings by defendant, Continental Airlines, Inc., are granted. The Clerk is directed to enter judgment dismissing these cases.

**SO ORDERED.**