OPINION OF THE COURT
Harold Tompkins, J.
The expiration of the Federal excise tax on air transportation between January 1, 1996 and August 27, 1996 and January 1, 1997 and March 7, 1997 and its impact on the rates charged by Federal Express are the issues before this court. They arise in the context of a class action* lawsuit seeking $78 million in damages against Federal Express for breach of contract, violation of New York’s consumer fraud statute and unjust enrichment and a motion by Federal Express to dismiss the complaint as barred by Federal tax law, Federal preemption and failure to set forth a breach of a material term of the contract.
Plaintiff’s claim arises from the expiration of the Federal excise tax of 6.25% imposed upon property transported by air pursuant to 26 USC § 4271. Federal Express (Fed Ex)’s current air bill has a provision stating that "[o]ur basic rate includes a federal tax required by Internal Revenue Code Section 4271 on the air transportation portion of this service.” Similarly, the service guide states "All rates are on a per-package basis and include the excise tax required by the federal government on the transportation of property by air.” Plaintiff asserts that these statements constitute representations that Fed Ex charges the excise tax, that the excise tax is required and Fed Ex’s failure to reduce its basic charge to reflect the lapse of the excise tax constituted a contractual breach, a violation of General Business Law § 349 and unjust enrichment.
FEDERAL TAX PREEMPTION
Plaintiff contends that in a similar action, Greene County Newspapers v Federal Express Corp., Judge Sam Pointer of the United States District Court for the Northern District of Alabama denied the tax preemption and Federal preemption defenses that are the basis of Fed Ex’s application to dismiss in *385 this case. Plaintiff claims that this dispositive ruling is binding on this court as well as being an authoritative ruling on the substantive preemption law. This belief is misplaced for two reasons.
Initially, Judge Pointer’s determination, as distinguished from his rationale, was that the action was to be remanded to the Alabama State court, Greene County Circuit Court. This court is familiar with the history of Federal preemption of airline rates, routes and services since it held that airline advertisements were preempted by the Airline Deregulation Act of 1978 (92 US Stat 1705) (People v Trans World Airlines, 147 Misc 2d 697 [Sup Ct, NY County 1990], affd 171 AD2d 76 [1st Dept 1991]). In that case, the action initially commenced in New York State Supreme Court had been removed to the United States District Court for the Southern District of New York. Judge Robert Sweet remanded it to the New York State Supreme Court (People v Trans World Airlines, 728 F Supp 162 [SD NY 1989]). In his opinion remanding the case to this court, Judge Sweet stated that Federal preemption did not apply to bar claims of deceptive advertising. This court in People v Trans World Airlines declined to adopt this position and held claims of deceptive advertising were barred by Federal preemption based on the Airline Deregulation Act. This ruling was upheld by the Appellate Division and in the companion case in Texas, Morales v Trans World Airlines (504 US 374 [1992]), by the United States Supreme Court.
More significantly, this court declines to follow the rationale of Greene County (supra) since it is contrary to the great weight of Federal authority. Claims involving the alleged improper collection of the Federal excise tax on airline flights have been held to be the substantive equivalent of a tax refund action and where the plaintiff has sought relief against a private party as a collecting agent rather than the Federal Government in accordance with 26 USC § 6415 (c); § 7422 (a), (f), dismissal is appropriate (see, Kaucky v Southwest Airlines Co., 109 F3d 349 [7th Cir 1997]; Lehman v USAIR Group, 930 F Supp 912 [SD NY 1996]). Two other Federal courts have also issued dispositive determinations dismissing actions brought against airlines rather than against the Federal Government on what was held to be substantively a tax suit for refunds that failed to comply with the requirement of 26 USC § 7422 (see, Sigmon v Southwest Airlines Co., 110 F3d 1200 [5th Cir 1997]; Brennan v Southwest Airlines Corp., No. C96-1841 VRW [ND Cal, Sept. 6, 1996]). The reasoning of these cases, particu *386 larly that of the Federal appeals courts for the Fifth and Seventh Circuits, must guide this court to a similar determination, that this is a tax refund suit brought against the wrong party. It must therefore be dismissed (see, Kaucky v Southwest Airlines Co., supra; Sigmon v Southwest Airlines Co., supra).
Separately, the second cause of action is also barred since a consumer fraud statute such as New York’s General Business Law § 349 that relates to rates, routes or services is preempted by the Airline Deregulation Act of 1978 (see, American Airlines v Wolens, 513 US 219, 227-228 [1995]; Morales v Trans World Airlines, supra).
UNJUST ENRICHMENT AND CONTRACT
The third cause of action seeks recompense based upon unjust enrichment. However, there can be no claim for unjust enrichment in the face of an express contract (see, ClarkFitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382 [1987]; Knobel v Manuche, 146 AD2d 528 [1st Dept 1989]). Since plaintiff has alleged an express written contract, a cause of action for unjust enrichment is barred.
Finally, plaintiff has sought damages based upon a contractual breach. This must also be dismissed based upon the documentary evidence submitted by defendant Fed Ex. The current air bill and service guide both state that the rates charged "include” a Federal excise tax applicable to air transportation. It is undisputed that the actual rates charged by defendant Fed Ex were not changed. Plaintiff did not pay any additional amount by reason of the lapsed Federal excise tax. Like any other item for which defendant Fed Ex’s cost is decreased, the reduction in cost by virtue of the lapsed Federal excise tax had the effect of increasing defendant Fed Ex’s profits. However, since defendant Fed Ex did not separately break out and charge plaintiff (or any other person or entity) for the lapsed Federal excise tax, but rather for transporting packages with an all-inclusive charge, no breach of any contractual obligation has been shown. Similarly, no damage from any contractual breach has been identified. The court therefore must dismiss the contractual claim on this independent ground.

 Although commenced in plaintiffs name and on behalf of all entities who are similarly situated, plaintiff has not sought certification of the class.