# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PAUL L. WEBER,

Plaintiff-Appellant,

v.

USAIRWAYS, INCORPORATED,

Defendant-Appellee.

No. 00-1027

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-99-630-2)

Argued: January 22, 2001

Decided: March 29, 2001

Before WILLIAMS and MOTZ, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Clem C. Trischler, Jr., PIETRAGALLO, GOSICK &
GORDON, Pittsburgh, Pennsylvania, for Appellee. **ON BRIEF:** Paul
L. Weber, MOORE & WEBER, P.L.L.C., Charleston, West Virginia,
for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Paul Weber brought suit against US Airways, Inc., alleging that USAir committed breach of contract and fraud under West Virginia common law. Finding Weber's fraud claim to be preempted by the Airline Deregulation Act, we affirm the district court's order dismissing the fraud claim and remanding Weber's state law claim for breach of contract to state court.

Weber was scheduled to be a passenger on a USAir flight from Charleston, West Virginia, to Jacksonville, Florida. That flight, however, was overbooked. USAir asked for volunteers to relinquish their seats in exchange for a free round-trip ticket on a future USAir flight to anywhere in the continental United States. Weber agreed and was given a travel voucher. However, when he went to redeem the voucher for a trip during Thanksgiving weekend, he was told that the voucher was limited to "Z-class" seats and that no such seats were available on the requested flight. Nevertheless, seats in other price classes were available and Weber purchased one of those. Weber claims that when he voluntarily gave up his seat, he was never told that there would be restrictions on the use of the voucher.

Weber thereafter brought suit in state court in West Virginia for breach of contract and fraud. USAir removed the case to the United States District Court for the Southern District of West Virginia based on diversity of citizenship. USAir then moved to dismiss the fraud count on preemption grounds. The district court granted the motion, dismissed the fraud claim, and remanded the breach of contract claim back to West Virginia state court. Weber appeals from that order of the district court.

We review the district court's decision on USAir's motion to dismiss under the *de novo* standard of review. *See Stuart Circle Hospital*

*Corp. v. Aetna Health Management*, 995 F.2d 500 (4th Cir. 1993). Like the district court, we assume as true all facts as plead by Weber. *See Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Assuming that Weber has stated a claim of fraud, the question in this case is whether that claim is preempted. USAir argues that the Airline Deregulation Act preempts Weber's fraud claim. USAir points to the following provision in the ADA: "Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route, or service of an air carrier* that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (emphasis added). The question is whether Weber's common law fraud claim is "related to a price, route, or service of an air carrier."

Weber treats his fraud claim as if it were akin to a tort such as battery or assault that was committed by an airline employee upon a passenger. Such a tort would have nothing to do with the price, route, or service of an air carrier and would not be preempted, he states. Likewise, he argues that a fraud action is nothing more than a tort action like battery or assault: a method for personal recovery for a personal wrong that was committed.

The Supreme Court has addressed preemption under the ADA. In *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992), the Court held that state restrictions on advertising by airlines were preempted by the ADA. In *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), the plaintiff sued American Airlines for modifying the terms of its frequent flier program. The plaintiff argued that this devalued credits that members had already earned. In discussing the plaintiff's breach of contract claim, the Court stated, "We do not read the ADA's preemption clause, however, to shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Id.* at 228. A breach of contract cause of action merely holds the parties to the terms of their contract—in that case to the terms of the frequent flier program. The Court, however, struck plaintiff's claim for fraud under the Illinois Consumer Fraud Act. The law made unlawful "[u]nfair methods of competition and unfair or decep-

tive acts of practices, including but not limited to the use or employment of any . . . fraud." *Id.* at 227. The Court held that the statute was a "means to guide and police the marketing practices of the airlines" and thus related to air fares. This was preempted action under the ADA.

Weber's claim for fraud is preempted because it seeks to enforce a legal duty on the defendant that is independent of the parties' contract. In essence, Weber's claim suggests that USAir's duty was to disclose the Z-class restriction before he gave up his seat. It is no different than if the West Virginia legislature had enacted a statute, like Illinois did in *Wolens*, writing that duty into the legislative code. The effect and purpose of Weber's action is the same. His action for fraud relates to pricing and servicing (the provision of tickets to bumped passengers) and is barred by the preemption clause of the ADA.

Other circuits are in line with this holding. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996) ("State law fraud claims are preempted . . . because Congress intended [the Department of Transportation] to be the sole legal control on possible advertising fraud by air carriers."); *Travel All Over the World, Inc. v. Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996) ("[Fraud] claims expressly refer to airline 'services,' which include ticketing as well as the transportation itself. . . . Such tort claims clearly 'relate to' the airline's provision of services."); *West v. Northwest Airlines, Inc.*, 995 F.2d 148 (9th Cir. 1993) ("Overbooking and bumping are accepted forms of price competition and reduction in the deregulation period, thus any law or regulation which results in penalizing airlines for these practices is preempted.").

Weber's fraud claim is therefore preempted and the district court was correct in granting the motion to dismiss.

*AFFIRMED*