WILLIAM F. KUNTZ, II, United States District Judge:
Plaintiffs bring this putative class action suit on behalf of themselves and similarly-situated others against Spirit Airlines, Inc. ("Defendant" or "Spirit") asserting state law claims for breach of contract, unjust enrichment, and fraud. Plaintiffs allege Defendant, an air carrier, misled Plaintiffs into believing they were purchasing a low airfare at a specific price, and thereafter breached the agreement by requiring Plaintiffs to pay additional fees for carry-on baggage. Defendant now moves to dismiss *156 the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' claims are preempted by federal law and fail to allege a viable cause of action. The Court held oral argument on this motion on October 31, 2018, and the Court reserved its decision. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.
BACKGROUND
Plaintiffs are twenty-two individuals who purchased airfare to travel to various locations within the United States on Spirit Airlines between 2012 and 2016. Second Amended Complaint ("SAC") ¶¶ 13-32, ECF No. 60. Plaintiffs purchased their airline tickets exclusively through third-party online travel agents. Id. ¶¶ 6, 13-32. Plaintiffs allege, at the time of purchase, they were not aware that Spirit charges additional fees for carry-on bags, which Plaintiffs allege they believed were included in the rate for their air travel. Id. ¶¶ 13-32, 39-40, 42. Plaintiffs first learned of the unexpected carry-on fees after they arrived at the airport and were forced to pay exorbitant fees that were equal to a significant portion of the ticket price. Id. ¶¶ 7, 13-32, 41. Plaintiffs allege the carry-on fees were "unanticipated" and "unforeseen," and Plaintiffs were "unaware" of them. Id. ¶ 42. They allege they were not aware of the additional fees because third-party agents "withhold the information regarding the surprise carry-on payments." Id. ¶ 6. Moreover, Plaintiffs allege Spirit "does not make its fee structure clear ... at the time of purchase" and withholds "certain material facts regarding the total pricing of a flight." Id. ¶¶ 7, 9.
Based on these allegations, Plaintiffs assert state law claims for breach of contract, unjust enrichment, and fraud. Id. ¶¶ 38-57. Plaintiffs seek to bring these claims on behalf of "all persons who contracted with Spirit Airlines to travel on Spirit Airlines flights during the period extending from August 31, 2011 through and to the filing of this Complaint and who were required to pay additional fees for carry-on items and bags over and above the contracted amount." Id. ¶ 34.
Defendant now moves to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiffs' claims are preempted by federal law and fail to allege a viable cause of action. Mem. in Supp. of Def.'s Mot. to Dismiss ("Mot."), ECF No. 71; see also Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), ECF No. 73; Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Reply"), ECF No. 72. This Court held oral argument on this motion on October 31, 2018. Minute Entry dated 10/31/2018. After hearing argument on the motion, the Court reserved its decision. The Court now addresses Defendant's motion to dismiss the action.
LEGAL STANDARD
To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Ad. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Twombly , 550 U.S. at 558, 127 S.Ct. 1955. Accordingly, in deciding this motion, this Court must "assess the legal feasibility of the complaint, *157 not ... assay the weight of the evidence which might be offered in support thereof." DiFolco v. MSNBC Cable L.L.C. , 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). In so doing, the Court must "accept[ ] all (factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor," Chambers v. Time Warner, Inc. , 282 F.3d 147, 152 (2d Cir. 2002), but is "not bound to accept as true a legal conclusion couched as a factual allegation," Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc. , 712 F.3d 705, 717 (2d Cir. 2013) (citation and internal quotation marks omitted).
DISCUSSION
The Airline Deregulation Act ("ADA") prohibits States from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law relating to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) (previously codified at 49 U.S.C. § 1305(a)(1) ). Congress enacted the ADA "[t]o ensure that the States would not undo federal deregulation" of the airline industry. Morales v. Trans World Airlines, Inc. , 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).
In Morales , the Supreme Court explained that the "key phrase" in understanding the scope of ADA preemption is "relating to," and defined the "relating to" language as "having a connection with, or reference to, airline 'rates, routes, or services.' " Id. at 383, 112 S.Ct. 2031. Applying this definition, the Supreme Court held the ADA preempts generally applicable state laws in the specific context of airline advertising and marketing. Id. at 386-87, 112 S.Ct. 2031 ; Am. Airlines, Inc. v. Wolens , 513 U.S. 219, 240, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (O'Connor, J., concurring) ("[I]n Morales [,] we held that an action to invoke the State's coercive power against an airline, by means of a generally applicable law, when the subject matter of the action related to airline rates, would constitute 'Stat[e] ... enforce[ment]' of a 'law ... relating to rates, routes, or services.' "). In Wolens , the Supreme Court re-affirmed the breadth of ADA preemption but carved out a limited exception for "suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." 513 U.S. at 228, 115 S.Ct. 817. The Court held the ADA would not preempt breach of contract claims confined to a contract's terms because "terms and conditions airlines offer and passengers accept are privately ordered obligations." Id. Thus, "relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated" is not precluded by the ADA. Id. at 232-33, 115 S.Ct. 817.
The Supreme Court has further opined on the "unusual breadth of the ADA's pre-emption provision." Altria Grp., Inc. v. Good , 555 U.S. 70, 85, 129 S.Ct. 538, 172 L.Ed.2d 398 (2008). In a recent decision, the Court held the ADA preempts a state law claim for breach of the implied covenant of good faith and fair dealing if it seeks to enlarge the contractual obligations that the parties voluntarily adopt. Northwest, Inc. v. Ginsberg , 572 U.S. 273, 276, 134 S.Ct. 1422, 188 L.Ed.2d 538 (2014). In so doing, the Court concluded that the phrase "other provision having the force and effect of law" in the ADA includes state common-law claims. Id. at 281-84, 134 S.Ct. 1422 ("[S]tate common-law rules fall comfortably within the language of the ADA pre-emption provision.").
Applying these principles, this Court finds Plaintiffs' claims for breach of contract, *158 unjust enrichment, and fraud are preempted by the ADA and must be dismissed. Each claim is addressed in turn below.
A. Breach of Contract Claim
As stated above, preemption of a breach of contract claim under the ADA turns on whether the obligation breached was imposed by the state or voluntarily undertaken by the airline. Under Wolens , the ADA does not prohibit breach of contract actions that seek recovery for an airline's breach of its own self-imposed undertakings. Wolens , 513 U.S. at 232-33, 115 S.Ct. 817. However, the court is confined "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." Id. (footnote omitted). Relief would not be preempted only if a plaintiff claims and proves that an airline dishonored a term to which the airline itself stipulated. Id. Here, because Plaintiffs seek to impermissibly enlarge or enhance their agreement with Spirit, Plaintiff's breach of contract claim is preempted by the ADA.
Plaintiffs cite a recent Ninth Circuit case applying Wolens and Ginsberg for the proposition that if a plaintiff "adequately pleaded breach of contract, then her claim is not preempted." Opp'n at 16-17 (citing Hickcox-Huffman v. U.S. Airways, Inc. , 855 F.3d 1057, 1062 (9th Cir. 2017) ). In that case, the plaintiff sought a refund of a baggage fee, alleging that, by failing to deliver her bag upon arrival, the airline breached a contract. Hickcox-Huffman , 855 F.3d at 1059. In citing this case, Plaintiffs leave out a critical distinction between that case and this one. Hickcox-Huffman states: "if [plaintiff] has adequately pleaded breach of a contract provision that US Airways voluntarily entered into , her claim is not preempted." Id. at 1062 (emphasis added). Significantly, in that case, plaintiff's claim was based on an express commitment by the airline in its terms of transportation to "on-time baggage delivery." Id. at 1063-64. Despite the three formulations in which the plaintiff in Hickcox-Huffman pled her claim, the premise of the holding is that "the airline made an enforceable promise to her that it did not keep." Id. at 1063 (explaining the three formulas as: " 'breach of self-imposed undertaking,' appears to be an allusion to the Wolens language excluding self-imposed undertakings from preemption, the second, 'breach of express contract' says basically the same thing, as does the third, 'breach of implied contract.' "). Indeed, in Alatortev v. JetBlue Airways, Inc. , a district court distinguished Hickcox-Huffman and preempted a similar breach of contract claim for a baggage-fee refund because the contract at issue in that case did "not provide an express commitment to deliver baggage on-time." 17-CV-4859, 2018 WL 784434, at *6 (N.D. Cal. Feb. 7, 2018).
Plaintiffs allege their agreement with Spirit to purchase travel tickets for a set price contemplated no additional fees would be paid, and Spirit breached this agreement by requiring Plaintiffs to pay additional fees for carry-on baggage at the airport. SAC ¶¶ 39-40. However, Plaintiffs do not base their claim on any agreement made by Spirit. Indeed, by Plaintiffs' own admission, Spirit did not agree to free carry-on baggage. Plaintiffs readily acknowledge there was only an agreement as to "the price term, destination and dates of travel, and no other terms were either disclosed or made part of the contract." Opp'n at 14-15. Plaintiffs purport to input their own subjective "understanding" of airline fee structures and their "expectation that a carry on bag was included in the contracted price" to assume Spirit "voluntarily" undertook this obligation. Id. at 11, 14-15. While Plaintiffs' subjective belief may be relevant in assessing and *159 imposing obligations under state law, the ADA does not permit a claim based on state law obligations. Rather, the ADA only allows claims based on Spirit's agreement with Plaintiffs, not what Plaintiffs believed should have been included in the agreement. Moreover, Plaintiffs' breach of contract claim relies on their allegation that the carry-on fees were "unanticipated" and "unforeseen" and they were "unaware" of them-not that a term of the agreement stating there would be no carry-on fees was breached.
Plaintiffs' breach of contract claim does not seek to enforce the terms of the agreement between the parties, but instead depends on an "enlargement or enhancement" of the scope of that agreement and is therefore preempted by the ADA.
B. Unjust Enrichment Claim
In setting forth the unjust enrichment claim, Plaintiff alleges "Spirit Airlines was enriched by demanding amounts - over and over what the parties agreed to - and forcing the Plaintiffs to pay such amounts for fraudulent and unexpected fees." SAC ¶ 46. Plaintiffs' claim for unjust enrichment is preempted by the ADA because it squarely relates to the rates of the baggage fees charged by Spirit and does not fall under the narrow Wolens exception.
In Lehman v. USAIR Group, Inc. , a Southern District of New York decision held that plaintiffs' unjust enrichment and conversion claims "relate to the defendants' ticket prices within the meaning of" the ADA, and thus the ADA preempts them. 930 F.Supp. 912, 915-16 (S.D.N.Y. 1996) (Koeltl, J.). In that case, the defendant collected taxes on tickets that passengers pre-purchased in one year, but it did not actually pay the taxes the following year (when the travel occurred) because the tax statute expired. Id. at 913. The court held "the excise tax 'relates to price' because the ... tax directly impacts the ticket price." Id. at 915 (citing Statland v. American Airlines, Inc. , 998 F.2d 539, 542 (7th Cir. 1993), cert denied , 510 U.S. 1012, 114 S.Ct. 603, 126 L.Ed.2d 568 (1993) (ADA preempted claim challenging practice of withholding federal tax on canceled tickets because it related to rates) ).
Other courts have likewise concluded unjust enrichment claims based on fees charged by air carriers relate to price and are thus preempted by the ADA. See e.g. , In re Jetblue Airways Corp. Privacy Litig. , 379 F.Supp.2d 299, 320 (E.D.N.Y. 2005) (Amon, J.) ("Unjust enrichment claims premised on the imposition of fees or collection of taxes quite obviously relate to airline rates."); Gordon v. United Cont'l Holding, Inc. , 73 F.Supp.3d 472, 480 (D.N.J. 2014) ("It is well settled that claims against airlines for unjust enrichment fall within the ADA's preemption clause." (citations omitted) ). Here, Plaintiffs' unjust enrichment claim is plainly based on the fees charged by Spirit for carry-on baggage and is preempted because it directly "relates to" price as defined by Morales .
Moreover, a claim of unjust enrichment is by its nature not a breach of contract claim and cannot fall within the narrow ambit of the Wolens exception. An unjust enrichment claim is permissible only where there is no express agreement between the parties, and no express undertaking stipulated by the defendant. See, e.g. , Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc. , 448 F.3d 573, 586 (2d Cir. 2006) ("The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." (citation omitted) ); Md. Cas. Co. v. W.R. Grace & Co. , 218 F.3d 204, 212 (2d Cir. 2000) ("The notion of unjust enrichment applies where *160 there is no contract between the parties ...."). A claim for unjust enrichment is thus the antithesis of enforcing "a term the airline itself stipulated," and rather an example of a state "imposing [its] own substantive standards." Wolens , 513 U.S. at 232-33, 115 S.Ct. 817. Accordingly, Plaintiffs' claim for unjust enrichment is dismissed as preempted.
C. Fraud Claim
Plaintiffs also assert a common law fraud claim, alleging they were fraudulently induced to enter into contracts by Spirit making false representations as to the total cost of transportation and making material omissions in concealing that the price did not include carry-on baggage fees. SAC ¶¶ 6, 8-9, 49-50. This claim too is directly related to price and is preempted by the ADA.
The Supreme Court has held twice that the ADA preempts state law claims rooted in fraud. In Morales , the Supreme Court stated, "the dynamics of the air transportation industry" prevent states from imposing any requirement-even one based on false statements-on how carriers "communicate fares to their customers." 504 U.S. at 389, 112 S.Ct. 2031. In that case, the Court preempted a claim under a statute that "require[d] that the advertised fare include all taxes and surcharges." Id. at 387, 112 S.Ct. 2031. Wolens similarly held the ADA preempted a fraud claim under a state consumer fraud statute that purported "to guide and police the marketing practices of the airlines." 513 U.S. at 227-28, 115 S.Ct. 817. The law made unlawful "[u]nfair methods of competition and unfair or deceptive acts of practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." Id. (citation omitted).
The Second Circuit has not yet addressed ADA preemption of state law fraud claims. However, numerous courts applying Morales and Wolens have held the ADA preempts state law claims that relate to an air carrier's price, route, or service, including those sounding in fraud. See e.g. , Weber v. USAirways, Inc. , 11 F. App'x 56, 57 (4th Cir. 2001) (fraud claim relating to prices and services preempted by ADA because "it seeks to enforce a legal duty on the defendant that is independent of the parties' contract") (citing cases across circuits); Ferrell v. Air EVAC EMS, Inc. , 900 F.3d 602, 606 (8th Cir. 2018) (claim alleging air-ambulance provider's suppression or omission of whether healthcare insurance would pay for services and how much patients would be charged violated state consumer protection law preempted, since the state law related to the price of an air carrier as defined by the ADA); Gemnet Exp., Inc. v. Fed. Exp. Corp. , 06-CV-2648, 2009 WL 928299, at *4 (S.D.N.Y. Mar. 30, 2009) (Freeman, M.J.) (noting ADA preempts fraud claim based on lost or damaged cargo (citations omitted) ); In re Jetblue Airways Corp. Privacy Litig. , 379 F.Supp.2d at 315 (ADA preempted claim alleging defendant engaged in "deceptive acts" under New York consumer protection law because it was "a direct effort to regulate the manner in which JetBlue communicates with its customers in connection with reservations and ticket sales"); see also In re EVIC Class Action Litig. , 00-CIV-3811, 02-CV-2703, 2002 WL 1766554, at *7-8 (S.D.N.Y. July 31, 2002) (Berman, J.) (plaintiffs' state-law fraud claims regarding insurance fee charged by UPS had "force and effect of law" relating to UPS's pricing, routes, and services and were preempted by federal statute's preemption provision applied in *161 identical manner to ADA's preemption provision).
Fraud claims premised on the imposition of fees-including whether and how much fees would be charged-directly relates to the prices imposed by air carriers. As dictated by the Supreme Court, state laws and provisions cannot be applied to require airlines to advertise, market, or make particular disclosures regarding fees, even under laws governing fraud. Plaintiffs' common law fraud claim regarding the alleged concealment of carry-on baggage fees is directly related to Spirit's rates and involves application of a state-imposed law that exceeds the obligations imposed by the parties' contract. As such, Plaintiffs' claim for fraud is preempted by the ADA and is hereby dismissed.[1]
Having held ADA preemption bars each of Plaintiffs' state law claims, the Court need not address Defendant's remaining arguments.
CONCLUSION
For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and this action is hereby dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 70 and close this case.
SO ORDERED.

Plaintiffs argue Defendant does not provide this Court with the relevant test for determining whether tort claims are preempted by the ADA, namely, the tripartite test set forth in the district court case Rombom v. United Air Lines, Inc. , 867 F.Supp. 214, 221-22 (S.D.N.Y. 1994) (Sotomayor, J.). Opp'n at 24-25. However, this test, which has not been explicitly adopted by the Second Circuit but has been widely cited in the district courts, applies only to claims that relate to service-not price. See e.g. , Farash v. Cont'l Airlines, Inc. , 574 F.Supp.2d 356, 366 (S.D.N.Y. 2008) (Sullivan, J.) (applying Rombom and dismissing plaintiff's claims concerning the quality of in-flight services and post-flight customer service), aff'd , 337 F. App'x 7 (2d Cir. 2009) ; In re Nigeria Charter Flights Contract Litig. , 520 F.Supp.2d 447, 469 (E.D.N.Y. 2007) (Dearie, C.J.) (applying the Rombom test to determine plaintiffs' fraud and negligence tort claims based on the airline's service were not preempted by the ADA); Donkor v. British Airways Corp. , 62 F.Supp.2d 963, 972 (E.D.N.Y. 1999) (Trager, J.) ("Rombom ... provide[s] an organized structure for addressing the preemption question on a case by case basis as it relates to laws which affect services."). But see Weiss v. El Al Israel Airlines, Ltd. , 433 F.Supp.2d 361, 370 (S.D.N.Y. 2006) (Lynch, J.) (dismissing tort claims without applying the three-part Rombom test because tort claims were "clearly preempted by the ADA"), aff'd 309 F. App'x 483 (2d Cir. 2009). Here, the basis of Defendant's motion is that Plaintiffs' claims impede on the ADA's prohibition against state regulation of the prices charged by airline carriers. See Mot. at 7-13; Reply at 6 n.2. Thus, the Rombom test is inapplicable.