Cox v. Spirit Airlines, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:      ROSEMARY S. POOLER,
                   BARRINGTON D. PARKER,
                   REENA RAGGI,
                            *Circuit Judges*.

_____

THOMAS COX, JOHN COX, CHRISTIE NEPTUNE, CYNTHIA COE, HAYFAA BAROUD, TERRY MURRAY, ALBERT EYZAGIRRE, YULIUS MUSTAFA, DODZI AMEMADO, DIANA CARRILLO, JULIE FEINER, VICTORIA EYZAGIRRE, DAVID LANGTON, GRETA SCHOENEMAN, SUSAN HOTT, SHIRIN BEGUM, SILVA IAHDJIAN, MICHAEL WYANT, SUSY KOSHKAKARYAN, HEATHER MCGLASHAN, JILL BRUA, MARYAM AFKARIAN,

                            *Plaintiffs-Appellants*,

              v.                                                                      18-3484-cv

SPIRIT AIRLINES, INC.,

                            *Defendant-Appellee*.

_____

Appearing for Appellants:      John Hermina, Hermina Law Group, Laurel, MD

Gregory Allen, Milford, CT (*on the brief*)

Appearing for Appellee: Stephanie Drotar, Mark W. Robertson (*on the brief*), O'Melveny & Myers LLP, New York, NY.

Appearing for Amici: Andrew Appelbaum, Flyers Rights Education Fund, Washington, DC, *amicus curiae in support of Plaintiffs-Appellants Cox et al.*

Kim Richman, Richman Law Group, Brooklyn, NY, *for* National Consumers League*, amicus curiae in support of Plaintiffs-Appellants Cox et al.*

Seth P. Waxman, Catherine M.A. Carroll, Wilmer Cutler Pickering Hall and Dorr LLP, Washington, DC, *for* Airlines for America*, amicus curiae in support of Defendant-Appellee Spirit Airlines, Inc.*

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED IN PART**, and the case is **REMANDED**.

Appellants Thomas Cox, John Cox, Christie Neptune, Cynthia Coe, Hayfaa Baroud, Terry Murray, Albert Eyzagirre, Yulius Mustafa, Dodzi Amemado, Diana Carrillo, Julie Feiner, Victoria Eyzagirre, David Langton, Greta Schoeneman, Susan Hott, Shirin Begum, Silva Iahdjian, Michael Wyant, Susy Koshkakaryan, Heather McGlashan, Jill Brua, and Maryam Afkarian (collectively, "Plaintiffs") appeal from the November 26, 2018, judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*), dismissing their putative class action in which they alleged claims for breach of contract, unjust enrichment, and fraud against Spirit Airlines, Inc. ("Spirit"). On appeal, Plaintiffs pursue only their breach-of-contract claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the outset, Spirit argues that its Contract of Carriage precludes Plaintiffs' claims because that document specifically provides, "One (1) carry-on bag is permitted in the aircraft cabin for a charge." Spirit, Contract of Carriage, at 17 § 7.2.1 (updated July 15, 2019), *available*

*at* https://www.spirit.com/content/documents/en-us/Contract_of_Carriage.pdf. Spirit's argument fails at the pleading stage. Under U.S. law and regulation, "an air carrier *may* incorporate by reference in a ticket or written instrument any term of the contract for providing interstate air transportation," 49 U.S.C. § 41707 (emphasis added), provided that certain notice requirements are satisfied, *see* 14 C.F.R. §§ 253.4(a), 253.5(a). Spirit acknowledges that the present record is devoid of any allegations that it complied with these notice requirements. Thus, it cannot now rely on the Contract of Carriage as a basis for affirming the district court's dismissal.

The district court held that the Airline Deregulation Act (the "ADA"), 49 U.S.C. § 41713(b)(1), preempts Plaintiffs' breach-of-contract claims. *Cox v. Spirit Airlines, Inc.*, 340 F. Supp. 3d 154, 157-59 (E.D.N.Y. 2018). The ADA prohibits "the States from enforcing any law relating to rates, routes, or services of any air carrier." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378-79 (1992) (internal quotation marks omitted); *see also* 49 U.S.C. § 41713(b)(1). ADA preemption is not limited to codified statutes; state common-law claims may be preempted, as well. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014). The ADA does not preempt, however, "state-law-based court adjudication of routine breach-of-contract claims." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232 (1995). The ADA does not "shelter airlines from suits . . . seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Id.* at 228. Such undertakings "are privately ordered obligations" that "simply hold[] parties to their agreements," rather than ADA-preempted state-imposed laws or regulations. *Id.* at 228-29. "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233.

Here, the district court concluded, in substance, that Plaintiffs' claims "depend[] on an enlargement or enhancement of the scope of" their agreements with Spirit and are thus preempted. *Cox*, 340 F. Supp. 3d at 159 (internal quotation marks omitted). We disagree. If carriage of Plaintiffs' carry-on items was within the scope of Spirit's contractual obligations, then the ADA does not preempt Plaintiffs' breach-of-contract claims. *See Wolens*, 513 U.S. at 232. If carriage of Plaintiffs' carry-on items was not within the scope of Spirit's contractual obligations, then Plaintiffs' breach-of-contract claims fail because Spirit did not breach any alleged contractual obligation that forbade it from charging a separate fee for that service. If the latter, then the dismissal of Plaintiffs' complaint was proper because it failed to state a claim, not because Plaintiffs' claims are preempted.

Whether, in light of state-law principles of contract interpretation, the carriage of Plaintiffs' carry-on items was in fact within the scope of Spirit's obligations, is a question for the district court to consider in the first instance. We conclude only that, in light of what appear to be ambiguities in the contract that Plaintiffs allege Spirit to have breached, and our conclusion that ADA preemption does not apply, Plaintiffs' breach of contract claim was not dismissible on the pleadings. *Cf. Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust. Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004) (stating that "claim predicated on a materially ambiguous contract term is not dismissible on the pleadings").

3

Nevertheless, we agree with the district court that Plaintiffs have effectively conceded that "there was only an agreement as to the price term, destination and dates of travel, and no other terms were either disclosed or made part of the contract." *Cox*, 340 F. Supp. 3d at 158 (internal quotation marks omitted). That concession is not fatal at the pleading stage, however, because we hold that "price" is an ambiguous term. "An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person . . . who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) (internal quotation marks omitted). By contrast, a contractual term is unambiguous if it has "a definite and precise meaning, unattended by danger of misconception . . . , and concerning which there is no reasonable basis for a difference of opinion." *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978).

Finally, we observe that, if any such ambiguity resolves in Plaintiffs' favor, then any obligation as to carriage of carry-on items would still be one Spirit has voluntarily undertaken, notwithstanding its own professed contrary intent. "A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties." *Hotchkiss v. Nat'l City Bank of N.Y.*, 200 F. 287, 293 (S.D.N.Y. 1911) (Hand, *J.*). It is "the reasonable meaning" of the parties' words or conduct that govern. *Id.* at 294. On that score, the ADA's preemption of state law does not preclude application of state-law contract interpretation principles to Plaintiffs' breach of contract claim. Under *Wolens*, routine contract claims may proceed, which necessarily requires employing tools of contractual interpretation.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is VACATED IN PART, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk